**Erlinda Esta RAYMUNDO, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71094.

Agency No. A28–734–448.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Rodel E. Rodis, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Erlinda Esta Raymundo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The IJ, the government contends, made an adverse credibility finding before also finding Raymundo ineligible for asylum and withholding on the merits of her applications. We need not decide whether the IJ disbelieved various aspects of Raymundo's testimony because, even accepting it as credible, she has not demonstrated that a reasonable factfinder would be compelled to reach a contrary result on the merits. *See Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000).

■ The incidents about which Raymundo complains—principally nonviolent interference with her church attendance by family members, Catholic priests, and other non-governmental actors—do not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) ("There is no doubt that Nagoulko was teased, bothered, discriminated against, and harassed because of her Pentecostal religious beliefs. The record, however, does not *compel* a conclusion that Nagoulko suffered from past persecution.").

■ Further, Raymundo has not made the requisite showing that the Philippine government is "unable or unwilling to control" those elements of its society responsible for targeting her as a Church of Christ member. *See Navas v. INS,* 217.F.3d 646, 655–56 & n. 10 (9th Cir.2000). Raymundo's testimony that reporting to the authorities would have been futile because "if you are not a Roman Catholic and especially if they find out that you are a Church of Christ [member] ... they will not listen to you" is unsupported. "[W]here non-governmental actors are responsible for persecution ... we consider whether an applicant reported the incidents to police, because in such cases a report of this nature may show governmental inability to control the actors." *Baballah v. Ashcroft,* 335 F.3d 981, 991 (9th Cir.2003); *see also Surita v. INS,* 95 F.3d 814, 817 (9th Cir.1996) (petitioner "reported the robberies to the police but the police said they could not do anything and did not explain why"). In addition, there is substantial evidence to support the IJ's conclusion that Raymundo has not demonstrated a well-founded fear of future persecution.

Raymundo, by failing to qualify for asylum, necessarily fails to satisfy the more stringent standard required to establish

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION DENIED.